1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| QING HUANG, | Case No: C 10-04844 SBA |
| Plaintiff, | **ORDER** |
| vs. | Docket 10 |
| WORLD JOURNAL SF, LLC, | |
| Defendant. | |

      This is an employment discrimination and wage and hour action brought by Plaintiff Qing Huang against his former employer, Defendant World Journal SF, LLC. The parties are presently before the Court on Defendant's Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6), which seeks the dismissal of Plaintiff's ninth cause of action for negligent infliction of emotional distress ("NIED"). Plaintiff's NIED claim is based on Defendant's allegedly discriminatory conduct. Compl. ¶¶ 50-53, Dkt. 1. Allegations of intentionally discriminatory conduct cannot give rise to a claim for NIED. See Zhang v. Walgreen Co., No. C 09-05921 JSW, 2010 WL 4174635, at *4 (N.D. Cal. Oct. 20, 2010) (citing cases); Semore v. Pool, 217 Cal.App.3d 1087, 1105 (1990) (holding that employee failed to state a claim for NIED where such claim was based on the employer's "inherently intentional" supervisory conduct). In addition, the Court notes that Plaintiff has consented to the dismissal of his ninth cause of action by failing to file an opposition to Defendant's motion to dismiss. See Standing Orders ¶ 8, eff. Nov. 8, 2010, Dkt. 12 ("The failure of the

opposing party to timely file a memorandum of points and authorities in opposition to any motion or request shall constitute a consent to the granting of the motion.").[1]  Accordingly,

IT IS HEREBY ORDERED THAT Defendant's motion to dismiss is GRANTED. Plaintiff's ninth cause of action for NIED is DISMISSED WITH PREJUDICE.  This Order terminates Docket 10.

IT IS SO ORDERED.

Dated:  March 10, 2011

                                          *Saundra B. Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[1] Although the Local Rules required Plaintiff to have filed his opposition or statement of non-opposition by March 8, 2011, Civ. L.R. 7-3(a) (oppositions due twenty-one days prior to the noticed hearing date), Plaintiff has filed nothing in response to Defendant's motion.  Plaintiff is warned that further violations of the Court's Orders or any other applicable procedural rule may constitute grounds for the imposition of sanctions, up to and including the dismissal of the action.  See Ferdick v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).  In addition, the parties are reminded of their obligation to meet and confer prior to the submission of any motion or request.  See Standing Orders at 4-5, Dkt. 12.